36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Earl CRUMBLEY, Plaintiff-Appellant,
v.
Aristedes ZAVARAS, William Price, Joe Palino, F.B. Martinez,
Russell E. Ellis, P. Hijar, J. Hartbauer, George
Gourge, Lt.; Bell Seller, Sgt.; Nancy
Michiels, Sgt., Defendants-Appellees.
 No. 94-1224.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Richard E. Crumbley, appearing pro se, and in forma pauperis, appeals from the district court's order adopting the Magistrate Judge's recommendation that Crumbley's 42 U.S.C.1983 civil rights complaint be dismissed.
 
 
 3
 Crumbley, an inmate at the Colorado State Penitentiary, filed this suit against various Colorado penal/administrative officials, contending that he was denied due process and equal protection of the law guaranteed to him under the Fifth and Fourteenth Amendments to the United States Constitution in the course of a prison disciplinary proceeding brought against him on or about November 23, 1993. Crumbley was charged with assault on inmate Frost.
 
 
 4
 The United States Magistrate Judge found, and the District Court agreed, that Crumbley was accorded adequate due process under the standard set forth in Wolff v. McDonnell, 418 U.S. 539 (1974).
 
 
 5
 On appeal, Crumbley argues that the prison disciplinary committee denied him due process of law in (a) considering hearsay evidence, (b) failing to present direct evidence of his involvement in the alleged assault, (c) failing to notify him that hearsay evidence would be used against him, (d) failure of the factfinder to inform him of the general substance of confidential information or the use of hearsay evidence, (e) failing to establish reliability of hearsay evidence presented by informant and witness, and (f) failing to examine the merits of his complaint and to examine the facts.
 
 
 6
 We have examined the entire record on appeal. We affirm the district court order of April 28, 1994, dismissing Crumbley's complaint for substantially the reasons set forth in the Recommendation of the United States Magistrate Judge dated and entered on April 13, 1994. (See, Tab 9, Vol. I, Record on Appeal).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470